Cullerton v. Mead.

## CULLERTON v. MEAD.

A REMEDIAL statute, when the meaning is doubtful, must be construed liberally, and so as to extend the remedy.

In construing a particular section of a statute, it should be considered together with the other sections, and its language so interpreted as to give to it utility and effect, and to make it compatible with common sense and the dictates of justice.

A creditor of the estate of a deceased person, who is absent from the State during the whole period of publication of the notice to creditors, and has no actual

knowledge of the publication, may present his claim to the administrator at any time before the decree of distribution is entered. No other proof of absence will be required than his own affidavit. Nor will the time for filing his claim be limited by the fact of his return to the State before the expiration of the ten months, within which, by the terms of the notice, claims were required to be presented.

The provision of Sec. 130 of the Act to Regulate the Estates of Deceased Persons, that it must appear to the "*satisfaction* of the administrator and the Probate Judge" that the claimant had no notice, gives to those officers no power or right to arbitrarily say they are not satisfied, and to therefore reject a claim. An affidavit of the claimant, showing to the satisfaction of a reasonable, fair, and impartial mind that he had no notice, is all that is required.

By Sec. 141 of the Act to Regulate the Estates of Deceased Persons, judgments are exempted from the provision of Sec. 131, requiring an affidavit to be attached to the claims showing that it is due, and that there have been no payments, and are no offsets.

APPEAL from the Twelfth Judicial District.

The facts are stated in the opinion.

*Thompson & Glassell*, for Appellant.

I. The statute, as amended, was intended to provide a remedy for creditors coming within the terms of the proviso, in Sec. 130, and is to be most liberally construed, for the purpose of carrying out such intention. (1 Kent's Com. 511; 3 Cal. 115; 4 Id. 55–158; cases cited in 3 U. S. Dig. 485.)

II. The statute directing judgments to be presented for allowance, as any other claims, imposes no forfeiture for omitting such presentation. (Act to Regulate Estates of Deceased Persons, Secs. 130–141.)

At common law, no such requirement or penalty existed.

A claim in judgment was well regarded as having been sufficiently and finally established, and its validity and good faith as being unquestionable. The statute, therefore, must be strictly construed, before it is deemed to work a forfeiture of a claim that has once been duly established in a Court of law. (1 Cal. 71.)

*S. H. Dwinelle*, for Respondent.

I. A judgment against a deceased person is a "claim," and a

Cullerton *v.* Mead.

holder thereof a "claimant," within the meaning of the Probate Act of this State. (*Grey* v *Palmer*, 9 Cal. 616.)

II. The Probate Judge and administrator are, by Sec. 130 of the Probate Act (as amended in 1860) made the judges of the sufficiency of the facts contained in the claimant's affidavit, and whether or not such facts show, to their "satisfaction," that his claim was presented within the statutory period, "by reason of his being out of the State;" and their determination is final, unless abuse of their authority is shown.

III. The affidavit of plaintiff is not sufficient to justify the presentation of the claim, after the expiration of ten months. (Probate Act, Sec. 131.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

The complaint in this case avers that on the twenty-ninth day of September, 1856, the plaintiff recovered a judgment against Phillips, since deceased, which is still unsatisfied; that after the death of Phillips the defendant was appointed administrator of his estate; that on the twelfth day of January, 1860, the administrator caused a notice to be published requiring creditors or persons having claims against the estate to present them to him within ten months from the date of the notice; that the order for publication required it to be made once a week for five weeks; that on the thirteenth day of November, 1860, the plaintiff, by his agent, presented the claim, in the form of a certified transcript of the judgment, to the administrator for allowance and approval; that the claim was disallowed; that on the twenty-second day of November, the transcript was again presented, with an affidavit of the plaintiff, setting forth that on the sixth day of June, 1858, he departed from this State, and did not return until the —— day of August, 1860; that some time in August he first learned of the death of Phillips, but was ignorant of the appointment of an administrator of his estate, and of the publication of the notice to creditors; that he had never seen any notice or publication thereof, and was not informed of it until the fifteenth of November, 1860. The complaint further states, that on the nineteenth day of Decem-

Cullerton *v.* Mead.

ber, 1860, the same transcript and affidavit were presented to the County Judge for his approval, and that each presentation of the claim was made before any decree of distribution was entered. By the indorsements on the papers presented, it appears that the claim was rejected " on account of the limitation of time of presentation." The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and that it was ambiguous and uncertain. The demurrer was sustained, and final judgment rendered in favor of the defendant, from which the plaintiff appeals to this Court.

By the amendatory Act of February 7th, 1860, Sec. 130, of the act regulating the settlement of the estates of deceased persons, is amended so as to read as follows : " Sec. 130. If a claim be not presented within ten months after the first publication of the notice, it shall be barred forever ; *provided,* if it be not then due, or if it be contingent, it may be presented within ten months after it shall become due or absolute ; and *provided,* further, that when it shall be made to appear, by the affidavit of the claimant, to the satisfaction of the executor or administrator and the Probate Judge, that the claimant had no notice as provided in this act, by reason of being out of the State, it may be presented any time before a decree of distribution is entered." The last proviso is added to the section by the Act of 1860.

This is a remedial statute, and it must therefore be construed liberally, and when the meaning is doubtful, it must be so construed as to extend the remedy. (*Martin White* v. *The Mary Ann,* 6 Cal. 462 ; Sedgwick on Stat. and Const. Law, 359–361.) In construing statutes we must consider the sections together, and that interpretation should be placed upon the language which will give the particular section utility and effect, and which, at least, will make it compatible with common sense and the plainest dictates of justice. (*Burnham* v. *Hays,* 3 Cal. 119.)

It was the evident intent of the Legislature, in thus amending the law, to provide that a claim against an estate of a deceased person might be presented to the administrator and Probate Judge at any time before a decree of distribution is entered ; *provided,* that the claimant " had no notice as provided in this act," by

Cullerton *v.* Mead.

reason of being out of the State, and that the proof of this want of notice should be the affidavit of the claimant. The notice as provided in the act, was the publication under the order of the Court. In this case, the notice was ordered to be published once a week for five weeks, and the publication commenced on the twelfth day of January, 1860, and during the whole time of the publication the plaintiff was out of the State. It comes clearly within the provisions of the statute, and under it, the plaintiff had the whole time up to the decree of distribution in which to present his claim for allowance. The fact that he returned to the State before the ten months expired can make no difference, for the law had extended the time for presenting his claim, he being absent from the State, during the time of publication. The law will not presume that immediately upon his return he had notice of a publication in a newspaper months before, and if he had had actual notice of the fact of publication, he had only to look at the law, when he would find that the time was extended in his case.

It is urged that as the statute requires that it must appear " to the *satisfaction* of the executor and administrator and the Probate Judge " that the claimant had no notice, therefore their action is final and conclusive. But this gives them no power or right to arbitrarily say they are not satisfied and therefore reject the claim. The affidavit must show to the satisfaction of a reasonable, fair, and impartial mind, that the claimant had no notice, and that is all that is required. Besides, in this case, the Probate Judge rejected the claim, because it had been rejected by the administrator, and the administrator, in his indorsement of rejection, does not set up that the affidavit was not " satisfactory." And, if he had done so, he would have had no just ground for asserting it.

It is further urged that there was no affidavit attached to the claim, showing that the amount was justly due, that no payments had been made thereon, and that there were no offsets to the same, as required by Sec. 131 of the act. In making this point, counsel has overlooked Sec. 141, which provides that in the case of a judgment, no such affidavit shall be required.

The judgment is reversed, and the cause remanded for further proceedings.