(137 App. Div. 252.)

## DRESCH v. ELLIOTT.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. DAMAGES (§ 132*)—PERSONAL INJURIES—EXCESSIVENESS.

Plaintiff, a child 13 years and 6 months of age, was employed in defendant's factory in violation of the New Jersey labor law, prohibiting the employment of children under 14. She was set to work on a mangle, and got her arm caught between the rollers, whereby the hand and arm were severely burned and the muscles and tendons bruised. She suffered pain, and the arm was badly and permanently scarred. There was no evidence, however, showing loss of function, except that plaintiff had to give up typewriting because her fingers did not have sufficient power to run the machine. Held, that a verdict for $17,500 was excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 379; Dec. Dig. § 132.*]

2. EVIDENCE (§ 359*)—PHOTOGRAPHS—AGE OF PERSON.

In an action for injuries to a child alleged to have been illegally employed in defendant's factory when she was only 13 years and 6 months old, in violation of New Jersey labor law, defendant's testimony indicated that, when employed, she was well developed and appeared to be over 16, and that she stated to the forelady who employed her that she was 15. Held, that a photograph taken of her a year before her employment in a dress worn when she received her first communion, in connection with testimony that it correctly represented her appearance at the time of the accident, and that she was about the size indicated by the photograph when employed, was inadmissible as misleading.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1510; Dec. Dig. § 359.*]

3. JURY (§ 131*)—EXAMINATION—SCOPE.

In an action for injuries to a child alleged to have been illegally employed on account of age, defendant was entitled to ask the jurors on their preliminary examination whether they had any objection to a girl being employed in a factory, the question, though crude in form, being proper in substance, and being at least permissible to aid defendant in exercising his peremptory challenges.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 568; Dec. Dig. § 131.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Marie Dresch, an infant, by Charles Pope Caldwell, her guardian ad litem, against John G. Elliott individually and as executor of James Elliott, deceased. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

David Leventritt, for appellant.

J. Edward Murphy, for respondent.

MILLER, J. The cumulative force of all the reasons urged by the appellant for a new trial at least justifies the conclusion that one should be granted in the furtherance of justice. The negligence complained of was the employment of the plaintiff by the defendant when she was only 13 years and 6 months old, in violation of a statute of the state of New Jersey (2 Gen. St. 1895, p. 1900, § 11) prohibiting the employment of children under the age of 14 years in any factory, workshop, mill, or place where the manufacture of goods of any kind is carried on. The plaintiff was set to work on a mangle, and got her arm caught between the rollers of it, whereby the hand and arm were severely burned and the muscles and tendons bruised. It appears in the record that she suffered pain, that the arm is badly scarred, and that its condition, whatever it may be, is permanent. There is no evidence whatever to show any loss of function, except the testimony of the plaintiff to the effect that, after the accident, she went to a business school for seven months; that she did clerical and office work and typewriting; but that she gave up the typewriting because her fingers did not have power enough to run the machine. The verdict is for $17,500, and there is not sufficient evidence in the record even to furnish a basis to reduce it.

The plaintiff claims that she was employed and set to work without any inquiry respecting her age. The testimony of the defendant's forelady, who employed the plaintiff, was that the latter stated, upon inquiry, that her age was 15 years, and that she appeared to be 16, being a tall, well-developed girl. The plaintiff admitted that she knew that a girl had to be 14 years old to be employed in a factory; that she had undertaken to procure employment for another girl, who was under 14, and had told her to say, if she was asked her age, that she was over 14. The question whether the defendant was led to believe that the plaintiff was over 14 years, and was justified in so believing, was one of the principal questions of fact in the case. See Koester v. Rochester Candy Works, 194 N. Y. 92, 87 N. E. 77, 19 L. R. A. (N. S.) 783.

A photograph of the plaintiff, taken a year before the employment, in the dress worn by her when she received her first Holy Communion, was admitted in evidence over the defendant's objection, upon testimony to the effect that it correctly represented the plaintiff's appearance at the time of the accident; that she was about the size indicated by the photograph when employed; and that the picture looked as she

·did when she was employed. We all know that dress alone makes a great deal of difference in the apparent age of a person. The combina-·tion of dress and a photograph would be doubly deceptive. When employed, the plaintiff was six months below the age fixed by the statute. A photograph taken a year before, dressed as she was, with veil and flowers on her head, short white dress, white slippers and stockings, was no evidence of her appearance as to age when employed. The prejudicial character of the photograph is manifest. It could have ·served no possible purpose except to mislead, and its misleading character is the more manifest when we consider that the question at issue was the apparent age of a girl at a rapidly developing period of·her life.

In the preliminary examination of the jurors, the defendant's counsel asked the following question, "Have any of you gentlemen any objection to a girl being employed in a factory?" and the objection to the question was sustained. While the latitude allowed counsel in the ·examination of jurors rests somewhat in the discretion of the court, we think the question was proper and should have been allowed. To be sure, the question was somewhat crude; but there was no difficulty in understanding it, and counsel had the right to ascertain the state of mind of the jurors on that subject, at least for the purpose of determining whether to exercise his right to a peremptory challenge.

For all the reasons stated, the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the ·event. All concur.