order appealed from should be reversed, with $10 costs and disbursements, and the motion for a separate and prior trial thereof granted. All concur.

---

## JUSTICE v. JUSTICE. (No. 5905.)

(Supreme Court, Appellate Division, First Department. May 22, 1914.)

PLEADING (§ 229*)—RIGHT TO SERVE AMENDED COMPLAINT.

Where plaintiff was denied the right to frame issues on the ground that his complaint was too general, he is entitled to serve a more specific complaint, so that he may have issues framed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 591; Dec. Dig. § 229.*]

Appeal from Special Term, New York County.

Action by Ewan Justice against Julia T. Justice. From an order denying a motion for leave to serve an amended complaint, plaintiff appeals. Order reversed and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Henry J. Goldsmith, of New York City, for appellant.
William C. Rosenberg, of New York City, for respondent.

PER CURIAM. The plaintiff, having been denied the right to frame issues because his complaint was not definite enough and was too general, should now be allowed to make his complaint more definite so that he may comply with the rule laid down by the judge at Special Term and have issues framed.

The order appealed from is therefore reversed, and the motion granted.

---

(162 App. Div. 358)

## STRAHLENDORF v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. May 15, 1914.)

1. ATTORNEY AND CLIENT (§ 172*)—CONSTITUTIONAL LAW (§§ 89, 106*)—ATTORNEY'S LIEN—PROTECTION AGAINST SETTLEMENT.

Judiciary Law (Consol. Laws, c. 30) § 480, as added by Laws 1913, c. 603, providing that no settlement of an action for personal injuries or death, wherein an attorney having or claiming a lien has appeared for the claimant, shall be valid unless consented to in writing by such attorney, as well as the claimant, or approved by the court, is unconstitutional as a restriction upon the exercise of vested property rights and the right of freedom to contract.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 384; Dec. Dig. § 172;* Constitutional Law, Cent. Dig. §§ 157, 186, 212, 238–245, 252–257, 259; Dec. Dig. §§ 89, 106.*]

2. CONSTITUTIONAL LAW (§ 48*)—VALIDITY OF STATUTES—CONSTRUCTION.

A statute must be held constitutional unless its conflict with the Constitution is plain, and, where it is reasonably susceptible of two constructions, that one must be adopted which will render it consistent with the Constitution, but the courts cannot make an entirely new statute by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lopping off here and adding on there, so that the legislative purpose disclosed by its language is diverted.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. § 48.*]

Appeal from Trial Term, Queens County.

Action by Fred Strahlendorf against the Long Island Railroad Company. From a judgment dismissing his complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Don R. Almy, of New York City, for appellant.

Alfred A. Gardner, of New York City, for respondent.

CARR, J. The plaintiff appeals from a judgment that dismissed his complaint. He brought an action to recover damages for a personal injury alleged to have been caused by the negligence of the defendant while plaintiff was one of its employés. The accident happened on October 18, 1912. On December 5th of the same year, he served a notice upon the defendant under the provisions of the Labor Law, and on or about December 10th he began this action. In his complaint he alleged the service of said notice, and claimed liability on the part of the defendant under the provisions of the statute aforesaid. While the action was at issue, he gave a general release to the defendant for a consideration of $2,500, which he received. The defendant served a supplemental answer, setting up the release as a bar to the continuance of the action. Nevertheless, the plaintiff, or his, attorney, brought on the action for trial. At the trial, the parties submitted to the trial court a formal written stipulation, which had been made between them. In this stipulation the defendant admitted the allegations of the complaint except as to the amount of the damages therein claimed, though admitting "that the plaintiff has been damaged in a substantial amount." The plaintiff admitted the execution and delivery of the release. The defendant admitted—

"that the plaintiff's attorney has, and has had since the commencement of this action, a lien for services performed and to be performed, and that the plaintiff's attorney did not and has not consented to the settlement, adjustment, or release in writing; nor has any order of this or any other court been made or entered approving the said release, adjustment, or settlement."

The plaintiff's attorney admitted that the defendant has offered to satisfy the above-mentioned lien. No evidence was offered beyond this written stipulation. Both parties rested, and the trial court dismissed the complaint, and judgment was entered accordingly.

[1] On this appeal the plaintiff or his attorney contends that the release was not "valid," and hence was no bar to the maintenance of the action. This claim is based upon the provisions of chapter 603 of the Laws of 1913, which took effect May 21, 1913, and which added to the Judiciary Law a new section, number 480. This statute reads as follows:

"Settlement of Actions for Personal Injury. If, in an action commenced to recover damages for a personal injury or for death as the result of a personal

injury, an attorney having or claiming to have a lien for services performed or to be performed who shall have appeared for the person or persons having or claiming to have a right of action for such injury or death, no settlement or adjustment of such action shall be valid, unless consented to in writing by such attorney and by the person or persons for whom he shall have appeared, or approved by an order of the court in which such action is brought."

There are two questions presented for decision on this appeal, as follows: First, is this statute constitutional? If so, does it affect the cause of action which was vested in the plaintiff before the enactment? I shall take up for consideration the first question, in its order. At common law, an attorney had no lien for services upon his client's right of action prior to the entry of a judgment in favor of the client, though a practice had grown up in the courts permitting an attorney to continue an action to recover his costs in the face of a collusive settlement between the parties. Randall v. Van Wagenen, 115 N. Y. 527, 22 N. E. 361, 12 Am. St. Rep. 828; Coughlin v. N. Y. C. & H. R. R. R. Co., 71 N. Y. 443, 27 Am. Rep. 75.

By chapter 542 of the Laws of 1879, section 66 of the Code of Civil Procedure was amended by adding thereto words as follows:

"From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision, or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment."

In 1899 (chapter 61 of the Laws of 1899) this section was further amended to extend its provisions to special proceedings, and to provide further as follows:

"The court upon the petition of the client or attorney may determine and enforce the lien."

This subject-matter was transferred later to the Judiciary Law, where it appears in sections 474 and 475 thereof, with some amplification not necessary to consider in deciding the precise question now before us. These statutory provisions were construed in Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395, where their meaning and scope were discussed in an elaborate opinion of Vann, J., writing for a unanimous court. It was there declared that a client's cause of action was a property right vested in himself, and in no way vested in his attorney, whose legal rights were simply those of a lienor; that the client could settle his cause of action in good faith without the consent of his attorney, and thereupon the cause of action became extinguished, and the attorney's lien was transferred to the proceeds of the settlement; that the party paying the moneys for the adjustment and settlement was charged as a matter of law with notice of the lien; that the lienor might follow the proceeds either in the hands of his client, or, if such course was likely to be of no avail, that then he might proceed against the party who had secured the adjustment or release to establish his lien upon the amount of the consideration of the release, either by special proceeding under the statute or by an action in equity. Thus the law stood at the time of the en-

actment of section 480 of the Judiciary Law on May 21, 1913. It will be noted that this new statute applies only to actions for damages for personal injuries or from deaths resulting therefrom, and leaves the rights of attorneys in other kinds of actions and in special proceedings wholly unaffected by its provisions. The respondent contends that this statute is wholly void because it deprives a client of his property right in his cause of action, that it restricts the client's constitutional right of liberty to do with his own whatever he chooses unless it be in violation of the interests of public welfare, and that, further, as it relates only to a species of tort actions, it makes an unlawful discrimination, based upon a purely arbitrary classification. The appellant urges that the act is not to be considered simply as an exercise of the police power, but as a remedial statute applying to actions at law, of a defined class, then pending or thereafter to be brought; and, as such, that it·was within the powers of the Legislature. The suggested remedial aspect of the statute is a more ample protection and better method of enforcement of the right of lien of the attorney. Before this recent statute, as pointed out above, the lien of the attorney extended to the proceeds of the settlement, but did not keep the cause of action alive for any purposes after an honest settlement. It is true that the attorney had a remedy by special proceeding or an action in equity. In either case the burden would lie upon the lienor, if his claim was denied, to establish that his client actually had a cause of action to which the lien could and did attach. Fischer-Hansen v. Brooklyn Heights R. R. Co., supra, 173 N. Y. at page 502, 66 N. E. 395. So it is argued by the appellant that this statute may be so construed as intended simply for the protection of the attorney to the extent of his lien, by affording him a remedy in the action in which the lien arose, by which its enforcement would become more easy and more certain.

[2] There are certain well-established rules of law, conceded by both parties to this appeal, that where a statute is challenged as unconstitutional, it must be upheld unless its conflict with the organic law is plain, and that, where a statute is reasonably susceptible of two constructions, one of which may render it void, and the other may remove the seeming conflict with the constitutional provisions, then the latter must be adopted by the courts. But in so construing a statute, the courts must not attempt to make an entirely new one, by lopping off here and adding to there, to such an extent that the evident purpose of the Legislature, as shown by its language, is diverted. The statute under consideration is quite explicit. It has no ambiguities. It does not say that "the settlement or adjustment of such action" shall be, invalid as against the attorney's lien. It says quite plainly that it shall be invalid in toto, as to everybody, unless under the conditions which it prescribes. It not only increases the remedy of the lienor attorney, but it imposes upon the client a disability in the shape of a restriction to contract in regard to his own property as he chooses, where no real public interests are involved, and it may compel him to abide the hazard of a lawsuit which may result in his ultimate defeat, even where his wish or his necessities may in all prudence require an immediate

settlement or adjustment. He may believe, as the old adage runs, "A lean settlement is better than a far lawsuit," but yet he is restricted in the exercise of his vested property rights and in his constitutional right of freedom of contract by being subjected to the control of others, which, in the case of the attorney claiming a lien, may be exercised speculatively upon a possible verdict, rather than in the actual interest of the client. It is true that there may be another side to the picture, but, while we may imagine it, we do not deem it of such importance as to control the result on this appeal. The doctrine of the police power of the state in enacting legislation has been considered so repeatedly in the opinions of the courts as to require no restatement of its limits in this opinion. It is sufficient for us to say that, construing this statute according to its explicit terms, it was beyond the legislative power.

The judgment should be affirmed, with costs.

JENKS, P. J., and BURR and RICH, JJ., concur. THOMAS, J., not voting.