## COMPETENCY OF EVIDENCE GIVEN AT A PREVIOUS TRIAL. BY A DECEASED OR ABSENT WITNESS.

Common Pleas Court of Hamilton County.

GEORGE W. SMITH, ADMR. OF PETER SMITH VS.
THE CINCINNATI TRACTION COMPANY.*

Decided, January Term, 1924.

*Evidence—Construction of the Statutory Provision as to Use of Testimony Offered at a Former Trial—Use of Photograph of Decedent in Action for Damages because of his Death—Earning Capacity.*

1.  Under G. C. 11496, "When a party or witness after testifying orally, dies," (or is for other reasons not available, or is unable to testify, or is summoned, but appears to be kept away by the adverse party) his testimony so given may be read or otherwise proved "by either party on a further trial of the case."

2.  In such case if leading questions be asked and no objections made thereto, it will be deemed that such objections are waived, and the answers thereto if relevant will not be excluded "on a further trial of the case;" so, also, if in response to questions answers are given which are not responsive, but are material to the case, and no motion is made to strike out such answers, they will be admitted in exidence on such further trial.

3.  In an action for personal injuries, received in the name of the personal representative of the deceased, a photograph of the latter shown to fairly represent him in appearance and stature at the time of the accident is admissible in evidence.

4.  In such case where there is evidence tending to show the earning capacity of the deceased at the time of the accident, it was not error to give the following instruction:

    "You may allow as damages such reasonable amount as you may find from the evidence that Peter Smith lost as his earnings as the direct and natural result of the negligence of the defendant taking into consideration all the evidence as to his physical condition, his age, the character of his employment and all other evidence on the subject."

*E. T. Brown,* for plaintiff.

*H. K. Rogers,* for defendant.

DARBY J.

A verdict in this case was rendered in favor of the plaintiff, and a motion to vacate the verdict and grant a new trial was

*Judgment affirmed by the Court of Appeals without report.

made on numerous grounds, several of which, specially referred to in the memorandum of the defendant, will be noticed. * * *

The second point made in the memorandum relates to the introduction in evidence of the testimony of Peter Smith given on the first trial, he having died before the second trial, and the case proceeding in the name of his administrator.

When the testimony of Peter Smith on the first trial was offered, and before it was read to the jury, numerous objections were raised by counsel for the defendant, and motions were made to exclude certain testimony on the ground that it was not responsive to questions, and also upon the ground that certain questions were leading in form. No objections were made to any of these questions on the former trial, and therefore no rulings were had upon them; and though they were all contained within the record, no reference is made to them in the opinion of the Court of Appeals on the former trial.

The section of the General Code permitting the use of the testimony of a deceased party, or witness, is familiar and need not be repeated. It is Section 11496, the last sentence of which, however, is of importance in this connection, which is as follows:

"All testimony so offered shall be open to all objections which might be taken, if the witness was personally present."

At the hearing no authorities were presented, and upon the hasty consideration the Court was able to give it was held that the irresponsive answers should be striken out, but that the questions which were merely leading in form, and the answers thereto, should remain in the record and be read to the jury, and this was done.

The question as to whether error resulted in excluding the irresponsive answers is not material, as the plaintiff against whom that ruling was made, does not ask for a new trial.

The defendant, however, claims that error prejudicial to it resulted from the allowance of the questions which are claimed to be leading and as to which the questions and answers were read.

Was it error to allow the leading questions, if such they were,

and the answers thereto, in view of the situation of the case and the statute involved?

The witness was dead, but his testimony was preserved. The court at first was of the opinion that all the testimony which was relevant and material should be read in the case, but later drew the distinction stated above. It is clear that all of the evidence objected to was material. The objection now taken is technical. Another question, or form of question, would probably have brought the same answer. The defendant chose to sit by, knowing the age of the witness (he was about seventy-five years of age), the probability of a mistrial, or new trial, the statute in question allowing the use of the testimony of a witness who is deceased, and not objecting to the answers or moving to exclude them.

The defendant was not bound to object to leading questions and answers thereto, but such objections properly made would have placed the record in an unobjectionable shape.

The defendant claims that its waiver of its right to object to such questions and answers was for that trial only. Is that position tenable? This is a court of justice and to prevent a possible miscarriage of justice by reason of death or absence of a witness, this section was passed. It should have reasonable effect and scope. To exclude relevant and proper evidence under these circumstances merely because of improper forms of questions, would not be in futherance of justice, but quite to the contrary.

Some of the question called leading are largely such because of the ruling of the court in excluding parts of their answers upon the objection or motion of the defendant. Irrelevancy or immateriality of evidence, incompetency of a witness to testify, or incompetency to testify on a given subject, are matters of objection which might be taken if the witness was personally present, under the section of the Code referred to·

Is the conduct of the defendant in not objecting to the questions at the first trial any less a waiver of its rights than the waiving of evidence on a given point?

One may waive any right he has, even the right to a trial

by a jury of twelve for murder, under the Constitution, but after he waives his right he may not complain. See *State, Ex Rel* v. *Baer,* 103 O. S., 585.

Some light on this question can be shed by an examination of the statues and decisions relating to depositions, and exceptions thereto.    See General Code 11546 and 11547.    Under these statues exceptions to depositions shall be in writing, specifying the grounds of objection, and filed with the papers in the cause, but "no exception other than for incompentency or irrelevancy shall be regarded, unless made and filed before the commencement of the trial."

In *Crowell* v. *Western Reserve Bank,* 3 Ohio St. 406, it is laid down that:

"An objection to a question and answer in the deposition of a witness, on the ground that the question is *leading* in form, is an objection, not to the substance or relevancy of the testimony of the witness but to the form and manner of obtaining it, and should be made at the time the question was propounded, but if not made then, or within proper. time before the cause is called for trial, it will fairly and reasonably be taken to have been waived."

The question there held to be leading was unquestionably so, and yet the court held that the objection was waived for the reason given.

In *Columbus Ry Co.* v. *Patterson,* 143 Fed· Rep. 245, (Circuit Court of Appeals, Sixth Circuit), the court had before it the identical section above referred to, but upon another point, and on page 246 say:

"The statue of Ohio relative to the practice of taking depositions prescribes that all objections to depositions, except those which go to the competency and relevancy of the evidence, must be taken before the trial; otehwise they will not be regarded. Rev. St. Ohio 1906, Sec. 5285. This provision is not unusual in legislation and is obviously designed to prevent the party intending to use the deposition from falling into a trap on the trial when it is too late to extricate himself by asking a postponement or other opportunity for remedying the defect. And the courts of the United States, without the aid of any statue, have recoginzed the force of the principle underlying

such statues, and required the observance of fairness and good faith by making seasonable objection to all defects in matters of form or procedure which do not affect the substantial rights of parties. *Doane* v. *Glenn*, 21 Wall. 33, 22 L. Ed. 476; *Howard* v. *Mfg. Co.* U. S. 199, 11 Sup. Ct. 500, 35 L. Ed. 147; Bidd v. *Allen*, 149 U. S. 481, 13 Sup. Ct. 950, 37 L. Ed. 819.''

Search by the court has resulted in finding two cases which seem to be conslusive on this point. *Sherman Gas & Elec. Co.* v. *Belden*, 123 S. W. Rep. 119, it is held:

''Where the testimony of a witness testifying at the first trial is admitted without objection, the court, on admitting the report of the testimony on the second trial, after the death of the witness, could not exclude answers because not responsive.''

On page 121, the court say:

''Having permitted the evidence to go to the jury without objection when the witness was on the stand, the plaintiffs should not be allowed the objection after the witness had died. If made at the trial, the question could have been framed to meet the objection.''

In *Randle* v. *Birmingham Light & Power Co.*, 48 South ern Rep. 114, the seventh section of the syllabus is:

''Where a witness who qualified as an expert as to the operation of street cars gave his opinion as to the distance at which a car could be stopped running at the speed of the car in question, and no objection was raised on the ground that the question asked related to the distance the particular motorman could stop the car. The testimony of the witness, who died before the second trial, was properly received as against the objection that the question should have been as to the distance a properly equipped car could be stopped by a motorman of experience.''

The court made the same observation as to the failure to make objection as appears above.

The court is of the opinion that it was not error to admit the leading questions and the answers, but was error to exclude the irresponsive answers, but of this the defendant can not complain.

The next point raised is that the court erred in admitting the photograph of Peter Smith taken some time before the accident, but shown to fairly represent him in appearance and stature at the time of the accident.

There was no objection to the description of the physical makeup and and appearance of Peter Smith; the objection comes when a more reliable form of evidence is offered in the form of a photograph shown to be accurate. The general rule has always been that photographs may be offered to indentify a person, to show his physical condition and appearance when it is shown that the photograph is reasonably accurate. The evidence was that Mr. Smith was a man of some seventy-five years of age, was a large man, strong in body and build before the accident, and it was for the purpose of aiding the jury in understanding the physical makeup of Mr. Smith that evidence was offered.

The case of *Varner* v. *Varner*, 16 C· C., 386, was a will contest, and a photograph of the deceased was offered, which was not shown to be accurate, or to what degree it resembled the testator at the date of the will; it was taken by an itinerant artist in a travelling photograph gallery. The Circuit Court held that the introduction of this photograph without evidence as to its accuracy, was not admissible on the issue of testimony capacity. That case has been under discussion in two subsequent cases, the first of which is *Rogers* v. *Monroe,* 26 C. C. (N. S.) 193, in which it was held in the third syllibus:

"A photograph of a testator, taken at or near the time his will was executed, may be a useful and competent item of evidence in an action to set the will aside, but it is not prejudicial error to sustain an objection to the introduction of such a photograph which was taken eight or nine years prior to the execution of the will or codicil which is under attack."

The Court on page 199, say:

"Notwithstanding the language of the circuit court in *Varner* v. *Varner*, 9 O. D., 273 (16 C. C. 386) holding that a photograph of the testator is not competent evidence, we are not convinced that such photographs taken near the time the instrument is executed might not be a useful item of evidence.

Indeed, in some cases it might be very persuasive evidence, but in the case at bar no prejudicial error occured in rejecting the photographs taken eight or nine years before the execution of the codicil.''

The other case referred to is *Ware* v. *Slocum,* 26 C. C. (N. S.) 317, in which it is held:

''A photograph of the testator is competent in a will case, where evidence has been introduced as to his slovenly appearance which is denied by the defense, and the authenticity of the photograph has been established and also the fact that it resembled the testator as he appeared at about the time of the execution of the will.''

In *C. H. & D. Ry Co.* v. *De Onzo,* 87 O. S., 109, it is held·

''It is not error for the court on the trial of a cause, to admit in evidence a photograph which.appears to have been accurately taken, and is proven to be a correct representation of the subject in controversy which cannot itself be produced, or of such a nature as to throw light upon the disputed point.''

Cases referred to in the brief of defendant are for the most part those in which prejudice is clearly shown by the introduction of the photograph.

In *Smith, Admr.* v. *L. V. Rwy. Co.,* 177 N. Y., 387· the action was for wrongful death, and the pecuniary loss to the plaintiff was the only subject of investigation, therefore it was held to be error to admit the photograph of the decedent.

In the case of *Dresh* v. *Elliott,* 137 App. Div. 252, it was held that the photograph as presented would not give the jury a fair repesentation of the child in question at the time the employment was sought.

In *Fearon* v. *N. Y. Life Insurance Co.,* 162 App. Div., 360, which was an action for wrongful death, it was held to be error to admit a photograph of the deceased together with two of his children.  That decison is based upon *Smith* v. *L· V. Rwy. Co., supra.*

Another case decided by the Court of Appeals of New York, is *People* v. *Webster,* 139 N. Y., 73, which was a prosecution for murder, the court on page 74 held as follows:

"A photograph of the deceased was admitted in evidence, under a general objection. Subsequently, in response to a question by a juror, the court stated that the photograph was admitted for the consideration of the jury in determining as to whether they belived defendant was in danger at the time of the homicide. Exceptions were then taken to the reception of the photograph for this purpose. *Held*: untenable; that where self-defense is the plea on such a trial the physical characteristics of the person slain are proper matter of proof; and that, as showing them, the photograph was properly received."

For a discussion of the law pertaining to such question, see page 83.

The court is of the opinion that the photograph was properly admitted.

The last point raised was that there was error in admitting evidence as to wages of the deceased, and the failure of the court to give a special instruction asked for, withdrawing from the jury the consideration of the question of wages.

There was evidence by the deceased as to his earning capacity at the time of the accident. There was further evidence by one of his sons that at the time of the accident the deceased was earning in the neighborhood of seven dollars per day. How the court could withdraw that question from the jury is difficult to understand. The following instruction was given covering the point:

"You may allow as damages such reasonable amount as you may find from the evidence that Peter Smith lost as his earnings as the direct and natural result of the negligence of the defendant, taking into consideration all the evidence as to his physical condition, his age, the character of his employment and all other evidence on the subject."

Since there was evidence on the subject the Court was bound to submit the question to the jury, and it would have been entirely improper to have charged the jury to disregard that subject. No other instruction was asked that in any way limited the subject of damages by reason of loss of earnings.

The motion for a new trial is therefore overruled.