[L. A. No. 23778. In Bank. Dec. 29, 1955.]

W. A. McCLEAREN, Petitioner, v. SUPERIOR COURT OF TULARE COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Robert Stevenson for Petitioner.

Edmund G. Brown, Attorney General, James E. Sabine and Irving H. Perluss, Assistant Attorneys General, Edward P. Hollingshead and Lucian B. Vandegrift, Deputy Attorneys General, for Respondent and Real Party in Interest.

GIBSON, C. J.—This proceeding in certiorari was brought to review action taken by respondent superior court in connection with an appeal from a justice court order denying the People a lien.

The controversy arose out of attempts by the People to collect delinquent sales taxes from petitioner McClearen by establishing a lien against his claim for wages due from his former employer, Moore Brothers. The People, acting under section 6757 of the Revenue and Taxation Code,[1] recorded a certificate of the amount of tax due and, under section 6702,[2] served on Moore Brothers a notice to withhold moneys owing to McClearen. Thereafter McClearen brought a suit in the Exeter Justice Court of Tulare County against Moore Brothers on his claim for wages plus penalties and costs.

The People noticed a motion in that action, pursuant to section 688.1 of the Code of Civil Procedure,[3] for an order granting the People, as judgment creditor, a lien against

---

[1]Section 6757 of the Revenue and Taxation Code, which provides for the filing of such a certificate, states in effect that the amount specified constitutes a lien on real property owned by the person liable for the tax, that the lien has the force, effect and priority of a judgment lien and that the lien may be extended by filing a new certificate. The People assert that the lien was so extended by rerecordation.

[2]Section 6702 of the Revenue and Taxation Code provides in part that, after the recording of a certificate under section 6757, any person owing money to the delinquent taxpayer may be given notice to withhold the money for 60 days or until the board consents to a transfer, whichever period expires earlier.

[3]Section 688.1 of the Code of Civil Procedure provides in part: "Upon motion of a judgment creditor of a plaintiff . . . the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit said judgment creditor to intervene therein."

any judgment obtained by McClearen. The motion was denied on June 29, 1953, and the People gave notice of appeal to the superior court on questions of both law and fact.

McClearen obtained a judgment against Moore Brothers in the justice court in October 1953, and in November the superior court directed the issuance of a writ of supersedeas restraining the justice court from enforcing the judgment. In March 1954, the superior court remanded the cause for further hearing on the theory that the judge of the justice court had not exercised his judicial discretion in ruling on the motion for a lien. McClearen obtained a writ of execution on his judgment against Moore Brothers, and the People then secured an order from the superior court restraining enforcement of the judgment and directing that any money or property recovered thereunder be impounded. In May 1954, the superior court recalled the remittitur on the ground that, in remanding the case, it acted under the mistaken belief that the justice court had not heard any issue of fact in denying the motion for a lien. The superior court then ordered a trial de novo which resulted in an order granting the People a lien on McClearen's judgment against Moore Brothers. McClearen now seeks certiorari to annul the action taken by the superior court on the ground that it lacked jurisdiction to entertain any of the proceedings.

The first question to be determined is whether the justice court order of June 29, 1953, denying the People's motion for a lien was appealable, since if the order was not appealable the subsequent actions of the superior court were void. Section 974 of the Code of Civil Procedure, which provides that a party may appeal from a judgment of a justice court, contains no express mention of an order denying a motion to impress a lien, but we have concluded that the order is appealable as a final judgment.

McClearen contends that the People did not seek leave to intervene, that they are not parties to the action and that, therefore, they are not entitled to appeal. It is true that the People did not seek to intervene or request leave to do so. Although the People were designated as ''Intervener'' in the title of the notice of motion, the notice was merely to the effect that, as judgment creditor, the People would move the court for an order granting a lien upon any judgment procured by McClearen against Moore Brothers. It was not necessary, however, for the People to seek leave to intervene in order to be entitled to appeal from a denial of the motion

for a lien. ■ As noted above, the lien was sought under section 688.1 of the Code of Civil Procedure, which provides that "the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien . . . and . . . may permit said judgment creditor to intervene therein." The language of the section thus permits, but does not require, intervention.. The section is remedial in nature and should be liberally construed to give effect to the remedy which it authorizes. (Code Civ. Proc., § 4; *Finance & Construction Co.* v. *City of Sacramento,* 204 Cal. 491, 493 [269 P. 167]; *Cullerton* v. *Mead,* 22 Cal. 95, 98; see 23 Cal.Jur. 801.)

■ Ordinarily a lien claimant would have no reason to participate in the main action, and in most instances his needs would be satisfied by the granting of a lien against the prospective judgment. While it might be proper for the court, under some circumstances, to require intervention as a condition to obtaining a lien, there is nothing in the record to indicate that such a condition was imposed here. Moreover, any noncompliance with such a condition by the lien claimant would relate to the propriety of the denial of a lien rather than to the appealability of the order of denial.

■ A lien claimant is obviously a party to the proceeding on his motion for a lien, even though he does not seek by intervention to become a party to the main action, and his failure to pursue the optional remedy of intervention cannot be considered as having any adverse effect upon his right to appeal from a denial of his motion.

■■ It is clear that the denial of the motion amounted to a final determination of the People's right to a lien, and it is the general rule that a final determination of litigation as- to a party constitutes an appealable order or judgment. (*Bowles* v. *Superior Court,* 44 Cal.2d 574, 582 [283 P.2d 704]; *Braun* v. *Brown,* 13 Cal.2d 130, 133 [87 P.2d 1009]; *Dollenmayer* v. *Pryor,* 150 Cal. 1, 3 [87 P. 616]; *In re Yokahama Specie Bank,* 86 Cal.App.2d 545 [195 P.2d 555]; *Ryan* v. *McKinley,* 124 Cal.App. 765, 766 [13 P.2d 522].) These decisions all involve intervention, but the rule is equally applicable in any situation where the statute expressly authorizes the proceeding and the order finally disposes of the rights of the party.

■ The superior court acted within its jurisdiction in recalling its remittitur. While a recall may not be directed for the purpose of correcting judicial error, it is properly ordered where the remittitur has been secured by fraud or

imposition or where the court has been led to decide the case under a misapprehension as to the true facts. (*Southwestern Inv. Corp.* v. *City of Los Angeles,* 38 Cal.2d 623, 626 [241 P.2d 985]; *Isenberg* v. *Sherman,* 214 Cal. 722, 725 [7 P.2d 1006].) Here the order recites that when the matter was heard on appeal the court understood counsel for both parties to say that there had been no hearing of any issue of fact whereas it was stipulated by counsel for both parties on the motion for recall that the issues of fact were presented by stipulation.

■ The superior court did not exceed its jurisdiction in trying the matter de novo. The notice of appeal stated that the appeal was taken on questions of both law and fact, and it is apparent that the motion to impress a lien on the judgment raised questions of fact for decision by the justice court. (*Cf. Boghosian* v. *Superior Court,* 64 Cal.App.2d 92, 94 [148 P.2d 422] [motion to vacate default judgment]; *Roehl* v. *Texas Co.,* 107 Cal.App. 708, 714 [291 P. 262] [motion to quash service].) The justice court docket shows that counsel for both parties were present when the motion was heard and that the affidavit in support of the motion was admitted in evidence. The facts on which the motion was based were thereby put in issue, and the asserted failure of McClearen to controvert the People's allegations could not operate to prevent the decision on the motion from being based on an adjudication of fact as well as of law. (*Cf. Vignolo* v. *Superior Court,* 85 Cal.App. 461, 463 et seq. [259 P. 491].)

■ There is no merit in McClearen's contention that the court was without jurisdiction to proceed because the record on appeal lacked the pleadings in the main action. The record contained the notice of motion for a lien and the supporting affidavit, which were the moving papers on which the motion was presented to the justice court and the only pleadings leading to the judgment against the People. This satisfied the provision of section 977 of the Code of Civil Procedure that the pleadings should be included in the record. On appeal from the judgment against the People, the main action was a collateral matter, and the pleadings therein were not a necessary part of the record. If McClearen desired to have those pleadings included, he could have moved to augment the record, but admittedly he failed to do so.

■ The superior court acted within its jurisdiction, and we cannot pass on the correctness of its decision since we

cannot review mere error on certiorari. (*Cf. Redlands etc. Sch. Dist.* v. *Superior Court,* 20 Cal.2d 348, 360 [125 P.2d 490].)

The orders sought to be reviewed are affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.