[Civ. No. 22764.    Second Dist., Div. Three.    Aug. 18, 1958.]

NICHOLAS P. APOSTOLOS et al., Appellants, v. ANTONIO ESTRADA et al., Respondents.

Austin, Austin, Jones & Chaffee, Richard M. Hawkins and P. Basil Lambros for Appellants.

Newlin, Tackabury & Johnston and Willis E. Urick, Jr., for Respondents.

PATROSSO, J. pro tem.[*]—This is an appeal by the plaintiff and a judgment creditor of the latter from an order denying their several motions to vacate an order granting defendants' motion for new trial.

This litigation was initiated by plaintiff Apostolos against the defendants Estrada and Railway Express Agency to recover damages for personal injuries allegedly sustained by the plaintiff as a result of the negligence of the defendants named.

During the pendency of the action and prior to trial, the appellant Corsones (hereinafter referred to as lien claimant) pursuant to proceedings had under the provisions of section

---

[*]Assigned by Chairman of Judicial Council.

688.1 of the Code of Civil Procedure, was granted a lien upon plaintiff's cause of action and any judgment subsequently rendered in the action in favor of the plaintiff and against the defendants to the extent of $1,123.62 plus interest thereon. The lien claimant, however, did not seek and was not granted the right to intervene in the action. Thereafter trial was had before a jury resulting in a verdict and judgment in favor of the plaintiff and against the defendants in the sum of $15,000, following which, within the time allowed by law, defendants filed and served upon the plaintiff in the action the notice of intention to move for a new trial upon the grounds of the insufficiency of the evidence to justify the verdict and excessive damages. A copy of the notice of intention to move for new trial was not served upon the lien claimant or his counsel. Upon the hearing of the motion for new trial the same was granted upon the ground of the insufficiency of the evidence. Thereupon plaintiff and the lien claimant made several motions to set aside the order granting a new trial upon the ground ·that the court was without jurisdiction to make the order by reason of the fact that notice of intention to move for a new trial was not served upon the lien claimant or his counsel, ·which motions, as previously indicated, were denied.

The question presented is whether a judgment creditor of a plaintiff who, pursuant to section 688.1 of the Code of Civil Procedure, is granted a lien upon plaintiff's cause of action and any subsequent judgment rendered thereon thereby becomes a party to the action. As we have concluded that this question must be answered in the negative there is no occasion to consider the further question discussed in the briefs as to whether such lien claimant's interest in the litigation is adverse to the defendants.

The argument in appellant's brief proceeds upon the assumption that the order granting the lien claimant a lien upon any judgment that might be rendered in the action between the plaintiff and defendants had the effect of making him a party to the action. They then seek to prove that this is so by reference to decisions in this state defining the term "adverse party" as that term is used in Code of Civil Procedure, section 659. These decisions, however, do not discuss the question as to when one is to be considered a party to an action. They determine no more than that, in the particular situations therein presented, one or more of the *parties to the action* were adverse to another party or parties to the action. Insofar as our research reveals each and every case

wherein one has been held to be an "adverse party" it will be found that he was a party to the action either in the role of plaintiff, defendant or intervener. Patently this is so, for before one may be said to be an "adverse party" in a proceeding he must be a party thereto.

The statement in appellants' brief that *MacDonald* v. *Superior Court* (1929), 101 Cal.App. 423 [281 P. 672], holds that a lien claimant under Code of Civil Procedure, section 688.1, is a party to the proceeding even if he does not seek intervention is erroneous. Code of Civil Procedure, section 688.1, was not involved in that case. Indeed it was not enacted until more than 10 years after that decision was rendered. Aside from this, the case affords no support for appellants' position. That was a proceeding in certiorari to review the action of the superior court in dismissing an appeal from a judgment rendered in the justice's court. The action in the justice's court was one instituted against a number of defendants and resulted in a judgment in favor of the plaintiff against one of the defendants only. The defendant against whom the judgment was rendered appealed to the superior court but failed to serve notice of appeal upon his codefendants and it was held that the latter were adverse parties entitled to receive notice of appeal because upon a trial de novo in the superior court judgment might be rendered against them.

Neither does *Title Ins. etc. Co.* v. *California Dev. Co.* (1915), 171 Cal. 173 [152 P. 542], support appellants' assertion that one may be an "adverse party" within the meaning of that term as used in Code of Civil Procedure, section 659, even though he is not a party to the action. This assertion is predicated upon the sentence in the opinion reading "An 'adverse party' is *one* whose 'interest in the subject matter of the motion [for a new trial] is adverse to or will be affected by the granting of the motion or changing the former decision of the court.' " The suggestion that by the use of the word "one" the court intended to declare that a person not a party to the action may be considered an "adverse party" merely because he has an interest therein is unwarranted, for it is obvious that the word "one" as it appears in the quoted sentence refers back to the word "party." All doubt upon this score is removed when regard is had to the fact that the persons and the corporation there held to be adverse parties and entitled to service of notice of intention to move for a new trial were defendants in the action.

"With reference to judicial proceedings, the word 'party' is generally used as meaning one of two opposing litigants, he or they by or against whom a suit is brought, whether at law or in equity; the plaintiff or defendant, whether natural or legal persons. In a larger legal sense the term 'party' or 'parties' has been defined as any or all persons who have a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if an appeal lies, and this definition is especially applicable to persons on whom a judgment is conclusive under the rules of res adjudicata, as discussed in Judgments § 768. . . . In its primary legal sense, and as used in some of the codes, the term 'party' means an interested litigant or person whose name *is designated on the record as plaintiff or defendant or in some other equivalent capacity. It refers only to those who are parties named in the record,* and one who is not so named is not a party, although he may be interested." (67 C.J.S. pp. 886-887.)

Tested by the foregoing definition the lien claimant here was not a party to the action between the plaintiff and defendants. He had no right to control the proceedings or to adduce evidence or cross-examine witnesses upon the trial. Indeed, he was without right to take any part in the trial of the action between the plaintiff and the defendant. Moreover, the very language of section 688.1 makes clear that the order establishing his lien did not operate to make the appellant Corsones a party to the action. The section expressly authorizes the trial court in its discretion to permit such a lien claimant to intervene in the action, which suggests that in the absence of an order granting permission so to do one whose lien is established thereunder does not thereby become a party to the action. If the Legislature had intended that the order establishing the lien should have the effect of making the lien claimant a party to the action, there would have been no necessity for the provision conferring upon the trial court discretionary power to permit him to intervene as a party. This is pointed out in *McClearen* v. *Superior Court* (1955), 45 Cal.2d 852 [291 P.2d 449], which has not been cited by either party. There the court said (p. 856) : "As noted above, the lien was sought under section 688.1 of the Code of Civil Procedure, which provides that 'the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien . . . and . . . may permit said judgment creditor to intervene therein. *The language of the section thus*

*permits, but does not require, intervention.* ■ The section is remedial in nature and should be liberally construed to give effect to the remedy which it authorizes. (Code Civ. Proc., § 4; *Finance & Construction Co.* v. *City of Sacramento,* 204 Cal. 491, 493 [269 P. 167]; *Cullerton* v. *Mead,* 22 Cal. 95, 98; see 23 Cal.Jur. 801.) ■ Ordinarily a lien claimant would have no reason to participate in the main action, and in most instances his needs would be satisfied by the granting of a lien against the prospective judgment. While it might be proper for the court, under some circumstances, to require intervention as a condition to obtaining a lien, there is nothing in the record to indicate that such a condition was imposed here. Moreover, any noncompliance with such a condition by the lien claimant would relate to the propriety of the denial of a lien rather than to the appealability of the order of denial. ■ A lien claimant is obviously a party to the proceeding on his motion for a lien, even though he does not seek by intervention to become a party to the main action, and his failure to pursue the optional remedy of intervention cannot be considered as having any adverse effect upon his right to appeal from a denial of his motion.'' (Emphasis added.)

■ As we understand the foregoing, it means that although a judgment creditor proceeding under section 688.1 becomes a party to the proceeding in so far as it involves the establishment of his lien, he does not become a party to the main action in the absence of an order permitting him to intervene therein.

■ Nor do we see any merit in appellants' suggestion that by instituting proceedings to establish his lien the lien claimant became and is in effect an intervener. As previously noted, section 688.1 clearly distinguishes between a motion whereby a creditor seeks merely to establish his lien and one where, in addition thereto, the creditor seeks to intervene in the action as a party. Presumably counsel for the lien claimant was conversant with his right to request permission to intervene and he did not elect to avail himself of the right to do so. Without undertaking to divine the reasons for his decision in this regard, it may well be that it was occasioned by his unwillingness to have his client incur the risk of becoming liable for costs in the event defendants should ultimately prevail (see *People* v. *Campbell* (1902), 138 Cal. 11, 23 [70 P. 918]). ■ Moreover, if it were to be conceded that making the motion to establish his lien constituted an intervention, it was such

only for that limited purpose and did not make the lien claimant a party to the action generally. (See *Elliott* v. *Superior Court* (1904), 144 Cal. 501, 507 [77 P. 1109, 103 Am.St.Rep. 102].)

Finally appellants contend that the lien claimant would in any event have had the right to intervene at the hearing of the motion for new trial and that by reason of the defendants' failure to serve him with notice of intention to move for a new trial he was deprived of the right to do so. Assuming without deciding that he would have had the right to make application to intervene in the action at that time, the fact remains that, as he was not a party to the action at the time of the filing of the notice of intention to move for a new trial, the defendants were not required to serve him with a copy thereof.

The order appealed from is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied September 8, 1958, and the petition of appellant Theodore Corsones for a hearing by the Supreme Court was denied October 15, 1958. Carter, J., was of the opinion that the petition should be granted.