[Civ. No. 18336. First Dist., Div. One. Dec. 3, 1959.]

PAUL HERSCH, Appellant, v. BOSTON INSURANCE COMPANY, Defendant; M. ZABEL, Respondent.

752

George I. Hoffman and Lansburgh, Hoffman & Schiller for Appellant.

Sills & Sills and John M. Thorpe for Respondent.

BRAY, P. J.—Plaintiff appeals from an order granting respondent M. Zabel, plaintiff's judgment creditor, a lien upon plaintiff's cause of action against Boston Insurance Company and any judgment subseqently procured thereon.

QUESTIONS PRESENTED

1. Is the order an appealable one?

2. Does the provision in section 688.1, Code of Civil Procedure, that no settlement may be made by the judgment debtor without the consent of the judgment creditor who has obtained a lien under said section upon the debtor's cause of action, constitute an arbitrary and unreasonable restraint of the debtor's freedom of contract?

RECORD

M. Zabel obtained a judgment against plaintiff Hersch in Alameda County for $1,024.73 plus $72.32 interest and $13 costs. This judgment remains unsatisfied. Thereafter plaintiff Hersch commenced this unrelated action against Boston Insurance Company. Prior to trial, upon Zabel's motion under section 688.1, Code of Civil Procedure, the court granted Zabel a lien upon the Hersch cause of action against Boston and upon any judgment which might be recovered thereon, to the extent of Zabel's said judgment, and ordered that no compromise or settlement be made without Zabel's consent, "unless said judgment creditor's lien is sooner satisfied or discharged or provision be made for such satisfaction or discharge."

## 1. *Order Is Appealable.*

Section 963, Code of Civil Procedure, which provides what orders and judgments are appealable, does not include an order granting a lien in those specifically mentioned. The section, however, makes appealable "a final judgment entered in an action, or special proceeding. . . ." What is a final judgment depends not upon its form but what its legal effect is. (*Howe* v. *Key System Transit Co.* (1926), 198 Cal. 525, 531 [246 P. 39].) If the interests of the parties to an action or proceeding are identical the controversy between them must be settled before any final judgment may be entered. However, "A necessary exception to the one final judgment rule is recognized where there is a final determination of some *collateral matter* distinct and severable from the general subject of the litigation. If, e.g., this determination requires the aggrieved party immediately to *pay money or perform some other act,* he is entitled to appeal even though litigation of the main issues continues. Such a determination is substantially the same as a final judgment in an independent proceeding." (3 Witkin, California Procedure, § 11, p. 2152, and see cases there cited.)

 When a court grants a lien upon a cause of action and the judgment which might thereafter follow, it is a final determination of a matter collateral to the main issues in the case. Particularly is this so when the establishment of such lien prevents any settlement of the main action without consideration of the lien. There is no further action to be taken by the court as between the lienor and the lienee. The court's

action is a final judgment as to them. In *McClearen* v. *Superior Court*, 45 Cal.2d 852 [291 P.2d 449], it was held that a justice court order *denying* a motion for lien upon a cause of action and judgment was appealable even though section 974, Code of Civil Procedure, providing for appeals from the justice court, contains no express mention of an order denying a motion to impress a lien. The court said that such an order is a final judgment. In this respect, we see no difference between an order *denying* such a motion and an order *granting* it.

 Respondent contends that appellant had other remedies than appeal, and hence his right to appeal is barred. Respondent claims appellant could have moved to set aside the order under section 473, Code of Civil Procedure, or he could have moved for an order limiting the scope of the lien. Assuming that he could have done so, such facts would not bar the additional remedy of appeal afforded him by section 963, Code of Civil Procedure. Respondent then states that appellant had an additional remedy, that of mandamus. However, mandamus will not lie where, as here, the remedy by appeal is adequate.

In *McClearen* v. *Superior Court, supra,* 45 Cal.2d 852 [291 P.2d 449], the court was considering section 688.1, Code of Civil Procedure, and whether it *required* intervention by the judgment creditor seeking a lien upon a cause of action. It held that the section did not require such intervention, and then the court stated that the lien claimant's ''failure to pursue the optional remedy of intervention cannot be considered as having any adverse effect upon his right to appeal from a denial of his motion.'' (P. 856.)

 Respondent's next contention is difficult to understand. It appears to be that as there is a possibility that in the main case appellant may not recover a judgment against the defendant Boston Insurance Company, or a judgment of less than the jurisdictional amount necessary to bring an action in the superior court, or because the appellant might decide to pay the judgment upon which the lien is based before a judgment is had in the main case, those possibilities prevent an appeal from the order granting the lien. We fail to see why any of these possibilities could affect appellant's right of appeal.

We hold that the order granting the lien is a final judgment in the case as between the parties involved in it and appealable.

## 2. *No Arbitrary Restraint of Freedom of Contract.*

Section 688.1, Code of Civil Procedure, provides: "Upon motion of a judgment creditor of a plaintiff or plaintiffs in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit said judgment creditor to intervene therein. Such judgment creditor shall have a lien to the extent of his judgment upon all moneys recovered by his judgment debtor in such action or proceeding and no compromise, settlement or satisfaction shall be entered into by or on behalf of said debtor without the consent of said judgment creditor, unless his lien is sooner satisfied or discharged. . . ."

The right to contract is granted by the federal (Fourteenth Amendment) and California (art. I, § 1) Constitutions. Plaintiff makes no attack upon the power of the court under section 688.1, Code of Civil Procedure, to declare a lien upon his cause of action, but contends that as the right to compromise, settle or dismiss an action is a right to make a contract, his right to contract guaranteed by the above mentioned constitutional sections has been arbitrarily and unreasonably denied him by that portion of the section and that of the order which requires the judgment creditor's consent to a compromise or settlement. We see no such denial. Even without such restriction, the imposition of the lien itself interferes with the lienee's right to compromise, for the defendant, as against whom the cause of action lies in the main case, would not compromise with the lienee until the lien was taken care of.

Prior to 1941, under section 688, Code of Civil Procedure, a cause of action could be levied upon under execution and sold at execution sale. In that year that section was amended to provide that "no cause of action nor judgment as such, shall be subject to levy or sale on execution." At the same time section 688.1 was adopted. Thus, the Legislature substituted for the right of levy and sale which theretofore existed the right of the judgment creditor to apply to the court for a lien, which, if granted, required either its payment or the approval of the creditor before the cause of action or judgment could be compromised or satisfied, a much less drastic remedy than that of an execution sale.

■■■ While the exact question raised here has not been passed upon in this state, the Supreme Court in *McClearen* v. *Superior Court, supra,* 45 Cal.2d 852, held: "The section [§ 688.1] is remedial in nature and should be liberally construed to give effect to the remedy which it authorizes," (p. 856) and then pointed out that the section permitted intervention in the main action by the judgment creditor. Intervention is a more rigorous right than the mere requirement of consent to compromise. Also in *Apostolos* v. *Estrada,* 163 Cal.App.2d 8 [328 P.2d 805], the court quoted the above language from the McClearen case and held that one granted a lien under section 688.1 does not necessarily become a party to the action.

■■■ The right to contract is not absolute and unqualified, but is subject to reasonable regulation in the interest of the public welfare. (*Burchell* v. *Strube* (1955), 43 Cal.2d 828, 836 [279 P.2d 1]; *Lockheed Aircraft Corp.* v. *Superior Court* (1946), 28 Cal.2d 481, 486 [171 P.2d 21, 166 A.L.R. 701].) Aside from contending that a lienholder has no proprietary interest in the subject of the lien and thus should not be given any rights of ownership, appellant does not show how the provision requiring the lienholder's consent to compromise is unreasonable or arbitrary. ■■■ The presumption is in favor of the constitutionality of a statute and the burden of overcoming that presumption is upon the assailant. (*Lundberg* v. *County of Alameda* (1956), 46 Cal.2d 644, 652 [298 P.2d 1].) ■■■ One purpose of the provision may be to provide protection to the judgment creditor from a fraudulent or collusive settlement of the action. In this respect, the requirement of consent does not appear arbitrary or unreasonable as a safeguard in the structure of the remedial procedure, the general validity of which appellant does not question.

In *Noell* v. *Missouri Pac. R. Co.* (1934), 335 Mo. 687 [74 S.W.2d 7, 94 A.L.R. 684], and cases there cited, a Missouri statute granting an attorney a lien upon his client's cause of action and judgment was held not an unconstitutional interference with the client's right to contract for a settlement. While the statute provided that the attorney's lien "cannot be affected by any settlement between the parties before or after judgment," (p. 10) it did not prohibit a settlement or compromise without the client's consent. The case holds that under the statute the client could, without the attorney lienholder's consent, settle or compromise the main action. It further states that *a contract* providing that the client could

not settle or compromise without the attorney's consent would be against public policy and void.

In *Strahlendorf* v. *Long Island R. Co.* (1914), 162 App. Div. 358 [147 N.Y.S. 806], a statute granting a lien to an attorney on his client's cause of action for personal injuries provided that no settlement would be valid without the attorney's consent. This was held to be an unconstitutional restraint upon the right of freedom to contract. The court stated that it restricted the right of the client to contract "where no real public interests are involved" and where their respective interests in the action might lie in different directions. (P. 809.) It is clear from reading these cases that attorney-lien statutes involve considerations not relevant to this case. There is a considerable difference between a judgment lien and an attorney's lien. In the former situation the sum due from the judgment debtor to the judgment creditor is fixed, determined and final, whereas an attorney's lien involves services yet to be rendered, and which might be terminated without completion, and in an amount yet to be determined.

As hereinbefore stated, our Supreme Court in *McClearen* v. *Superior Court, supra,* 45 Cal.2d 852, has approved the provision in section 688.1 which gives the trial court the power to permit the judgment creditor lienholder the right to intervene in the main action, thus indirectly upholding the provision against compromise without the creditor's consent, for once intervention is permitted and the intervener asks for affirmative relief, the action cannot be dismissed without the intervener's consent. It is true that to some extent the judgment debtor's right to contract, that is, to compromise or settle the action, is curtailed. However, following the direction of the Supreme Court that the section is to be liberally construed as a remedial one and balancing the results intended to be achieved by the section against the slight curtailment of the debtor's rights, the questioned portion of the section is neither unreasonable nor arbitrary.

The order is affirmed.

Tobriner, J., and Foley, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1960.

---

*Assigned by Chairman of Judicial Council.