[Civ. No. 8295. First Appellate District, Division One.—June 27, 1932.]

G. D. MELDRIM, Plaintiff and Respondent, v. R. M. DOYLE, Appellant; DAVID CARR et al., Cross-Defendants and Respondents.

John A. Jorgensen for Appellant.

F. H. Whitfield for Plaintiff and Respondent.

George L. Hampton for Cross-Defendants and Respondents.

KNIGHT, J.—The defendant R. M. Doyle appeals from a judgment in an action to quiet title to real property arising out of the following facts, which are not disputed:

In March, 1928, George Hurley gave Doyle a mortgage on certain personal property to secure the payment of rent thereafter to accrue. In August, 1928, David Carr obtained possession of the mortgaged property and exchanged it with J. E. Gruben for three lots, the title to which is the subject of this action. On September 12, 1928, Carr conveyed the lots to the plaintiff G. D. Meldrim, the deed therefor being recorded on September 26, 1928. Claiming that Carr represented to Gruben at the time of the exchange that said personal property was clear of encumbrance, Doyle, on the day following the recordation of the Meldrim deed, obtained from Gruben an assignment of any cause of action which might have accrued to Gruben out of the transaction, and brought an action thereon against Carr to recover the value of the lots and caused a writ of attachment to be issued and levied upon the same; whereupon Meldrim instituted this suit to quiet title, adding a second cause of action for damages for an alleged malicious attachment, and making Doyle and his attorney, and the sheriff who levied the attachment, parties defendant. They filed separate answers, and Doyle added a cross-complaint whereby he brought in Carr as a cross-defendant. The substance of

the matters pleaded by Doyle as a defense, and the cause of action attempted to be set forth in his cross-complaint were based upon allegations to the effect that Carr acquired the lots from Gruben through fraud; that the deed from Carr to Meldrim was made by Carr with intent to defraud Gruben and other creditors, and to defraud Doyle "of his attachment lien"; that the sole consideration for said deed was the discharge by Meldrim of an antecedent debt due him from Carr, and that Meldrim acquired said lots with notice of all of the facts connected with the transaction. The relief prayed for in the cross-complaint was that Meldrim and Carr "be declared constructive trustees" of said lots; that the deed to the same be canceled, or that Meldrim and Carr be required to reconvey said lots to Doyle; that the attachment lien be declared superior to any right of Meldrim and Carr; that they be enjoined from asserting any claim to said lots, and that Doyle's title thereto be quieted. Carr demurred to the cross-complaint and his demurrer was sustained with leave to amend, but no amended cross-complaint was ever filed. Meldrim did not demur to the cross-complaint, but filed an answer thereto denying, among other things, the allegations of fraud and admitting that the consideration for the Carr deed to him was the discharge of an antecedent debt due him from Carr.

At the beginning of trial Meldrim dismissed the second count of his complaint, based upon the charge of malicious attachment. He also dismissed the action as to Doyle's attorney and the sheriff. The action went to trial, therefore, on the issues raised by the first count of Meldrim's complaint and the answer thereto; and the issues raised by Doyle's cross-complaint and Meldrim's answer thereto. The court found that prior to the commencement of trial the attachment suit brought by Doyle had been dismissed by the court; that Doyle had taken no appeal from the judgment of dismissal and had stipulated in open court at the trial of the present action that he claimed no right or interest whatever in said lots by reason of said attachment. The court further found that no evidence had been received in support of the cross-complaint, and for that reason the same was dismissed; and upon the issues raised by the complaint and Doyle's answer thereto the court

found that Carr conveyed said lots to Meldrim without any intention of defrauding creditors, and that Meldrim acquired the same in good faith for a valuable consideration and in the due course of business, without notice or knowledge of any of the previous transactions relating to the property or of any adverse claims thereto; that therefore Meldrim was the owner of said lots and that Doyle had no interest therein. Judgment was entered accordingly.

 Taking up appellant's points in the reverse order in which they are presented, one ground urged for reversal is that the evidence is insufficient to sustain the trial court's adverse finding on the issue of fraud. There is no merit in the point. As held in *Smitton* v. *McCullough*, 182 Cal. 530, 537 [189 Pac. 686], the law in this state is well settled to the effect that not only does an antecedent indebtedness constitute a valuable consideration for a transfer in satisfaction and discharge of said indebtedness, but it is also a valuable consideration, within the protection of the equitable doctrine of *bona fide* purchase, for a transfer merely as security for a pre-existing debt. (2 Pomeroy's Equity Jurisprudence, 4th ed., sec. 749. See, also, *Schumann-Heink & Co.* v. *United States Nat. Bank*, 108 Cal. App. 223 [291 Pac. 684, 292 Pac. 547], wherein additional authorities are cited.) Here respondent introduced in evidence his deed from Carr, and in support thereof testified that the consideration therefor was the discharge of an antecedent debt due him from Carr, and that he had no knowledge whatever of the circumstances under which Carr acquired the property until after the commencement of the present action. His testimony was not contradicted by any other witness, and having been accepted by the court as true, it is legally sufficient to sustain the finding on the issue of fraud. Appellant calls attention to certain cross-examination of respondent bearing upon the circumstances under which respondent claimed the antecedent debt was created; and he argues that such cross-examination tends to show the unsoundness of respondent's claim of good faith. But the testimony relied upon at most goes only to the credibility of the witness and to the truthfulness of his testimony; and these were matters exclusively within the province of the trial court to determine.

Nor do we find any error in the trial court's rulings upon the admissibility of evidence. The specific complaint made

by appellant is that he was precluded from eliciting certain testimony relating to the issue of fraud; but the record does not support such complaint. It shows that appellant was afforded full opportunity to establish fraud, but that he failed so to do.

Appellant's final contention that the trial court erred in sustaining Carr's demurrer to the cross-complaint is also without merit. As stated, the sole purpose of the cross-complaint and of bringing Carr into the case was to impress certain real property formerly belonging to Gruben with a resulting trust for the benefit of appellant upon the ground that a fraud had been perpetrated by Carr against Gruben in acquiring the property from Gruben; but according to the allegations of the cross-complaint Doyle was seeking to maintain such cause of action as Gruben's assignee under a plain assignment unaccompanied by any transfer of interest in the property. As held in *Kemp* v. *Enemark,* 194 Cal. 748 [230 Pac. 441], where a right to sue for a fraud is incidental to a subsisting substantial property right which is itself intrinsically susceptible of legal enforcement, the assignment of the property interest carries with it the right to set up the fraud; but a bare right to sue in equity for fraud, separate and distinct from a property right, is not assignable. Here, as indicated, appellant nowhere alleged, nor does he now claim, that Gruben ever assigned, transferred or conveyed to him any interest in the property upon which he was seeking to impress a resulting trust in his favor. Therefore, under the law as declared in the case above cited, he was not entitled to maintain the cause of action attempted to be set forth in the cross-complaint.

Aside from the foregoing point, however, the record clearly shows that the order sustaining Carr's demurrer to the cross-complaint did not preclude appellant from establishing a resulting trust for the reason that the question was still an issue to be tried and determined under the allegations of the cross-complaint and the denials in Meldrim's answer thereto; and that in that state of the pleadings appellant abandoned all effort to establish the trust because, as stated by the trial court in its findings, no evidence was received in support of the cross-complaint. As indicated by appellant's frank admission in his brief, one reason for such abandonment was that after filing the cross-complaint he

ascertained that he was mistaken in his belief that under the law of this state an antecedent debt was legally insufficient as against third parties to constitute a valuable consideration for the transfer of real property. Moreover, the record shows that the charge of fraud upon which appellant relied as a basis for his claim of a resulting trust had been already adversely determined in the attachment suit brought by appellant against Carr; and that from the judgment of dismissal entered therein appellant took no appeal.

It appears, therefore, that regardless of the merits of the trial court's ruling on Carr's demurrer, appellant was not prejudiced thereby.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.