[Civ. No. 28554. First Dist., Div. Four. Apr. 15, 1971.]

DEL CONTE MASONRY CO., INC., Plaintiff and Appellant, v.
N. T. LEWIS et al., Defendants;
F. P. LATHROP CONSTRUCTION COMPANY,
Claimant and Respondent.

**COUNSEL**

Stanley W. Blackfield for Plaintiff and Appellant.

Foley, Saler & Doutt and William R. Foley for Claimant and Respondent.

No appearance for Defendants.

**OPINION**

**CHRISTIAN, J.**—Appellant Del Conte Masonry Company, a subcontractor on a public works project, has taken judgment against defendant Lewis, the general contractor. Del Conte itself was the judgment debtor of respondent F. P. Lathrop Construction Company (apparently in connection with some other transaction), and was indebted also to several suppliers of materials on the project and to Blackfield, its attorney, for services rendered in the action against Lewis. It appears that the project creditors had

not perfected their statutory lien rights and that Blackfield had not obtained by contract a lien on the proceeds of the claim which he was prosecuting against Lewis for his client. Before Del Conte had taken judgment against Lewis, and against the surety on Lewis' labor and materials bond, Lathrop appeared, moving for an order, under Code of Civil Procedure section 688.1, granting it a lien on the anticipated judgment. Upon receiving notice of Lathrop's motion, and before the motion could be heard, Del Conte by written agreement granted a lien on its cause of action to Blackfield, both personally (to secure payment of attorney fees), and as trustee (to secure payment to materialmen). The court thereafter granted Lathrop's motion for a lien upon the anticipated judgment, and Del Conte moved for an order determining the priority of these liens. The court determined that the Lathrop lien was first in priority; Del Conte appeals, contending that the Lathrop lien should have been last.

Respondent's lien right as a judgment creditor was authorized by statute,[1] but the statute does not expressly regulate lien priorities. ■ As for appellant, in California an attorney does not automatically have a lien for the value of his services upon a judgment obtained through his efforts, but an equitable lien may be created by agreement between the attorney and his client. (*Wagner* v. *Sariotti* (1943) 56 Cal.App.2d 693, 697-698 [133 P. 2d 430].) ■ Similarly, a debtor may grant an equitable lien to creditors such as the materialmen here involved. (31 Cal.Jur.2d, Liens, § 10.)

Appellant and respondent both rely on Civil Code section 2897, which provides that, "Other things being equal, different liens upon the same property have priority according to the time of their creation, . . ." Appellant points out that the liens in favor of the attorney and the materialmen were created by agreement a few days before respondent's lien was created by the court's order granting respondent's motion under section 688.1. Thus, according to appellant, the consensual liens are prior by the terms of section 2897.

■ Where one lien has been created by contract and another under a statute, "the wording of the statutes or codes determines the question of priority, . . ." (*First Nat. Bank* v. *Silva* (1927) 200 Cal. 494, 496 [254 P. 262].) Arguing from the statutes, appellant claims that, "It should be noted

---

[1]Code of Civil Procedure section 688.1, provides in relevant part: "[U]pon motion of a judgment creditor of any party in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action, and upon any judgment subsequently procured in such action or proceeding, . . . The clerk or judge of the court shall endorse upon the judgment recovered in such action or proceeding a statement of the existence of the lien, the date of the entry of the order creating the lien, . . ."

that 688.1 states that there shall be endorsed upon the judgment 'a statement of the existence of the lien, the date of entry of the order creating the lien . . . ,' thus indicating that the operative date is the date of the order *creating* the lien." ■ Code of Civil Procedure section 688.1 contains no language explicitly regulating priority, but the provision that the judge "may, in his discretion, order that the judgment creditor be granted a lien" suggests broadly that the lien might be subordinate to other claims and that questions of priority ought to be decided by reference to general principles of equity. In *Smitton* v. *McCullough* (1920) 182 Cal. 530 [189 P. 686], the Supreme Court declared that, "where successive conflicting interests, purely equitable in nature, are in all other respects equal, the equity prior in time prevails. (Civ. Code, § 2897.) The time of creation, however, is the last element for consideration when determining the priority of equitable claims, and [a] claim can predominate by reason of antedating [another] equity only if the two intersts are *in all other respects equal.*

"Interests are equal in equity when each is entitled to the same recognition and protection by reason of possessing to an equal degree those elements of right and justice which are recognized and aided by courts of equity." (182 Cal. at p. 534.) ■ Priority based on time of creation may therefore be subordinated to the equitable preference accorded to the party who is first to assert his claim. (182 Cal. at p. 536.) Under this reasoning respondent, as first to assert a claim, by notice of motion under section 688.1, was properly given first priority. ■ Moreover, even if time of creation were controlling, an equitable lien may be deemed created, not at the time of the judgment or order which declares its existence, but at the time of the occurrences which gave rise to the underlying substantive right. (*Hise* v. *Superior Court* (1943) 21 Cal.2d 614, 627 [134 P.2d 748]; *Holder* v. *Williams* (1959) 167 Cal.App.2d 313, 317 [334 P.2d 291].)

We conclude that the court did not err in giving priority to respondent's lien.

The order is affirmed.

Devine, P. J., and Rattigan, J., concurred.