**In re HIJACKING OF PAN AMERICAN WORLD AIRWAYS, INC. AIRCRAFT at KARACHI INTERNATIONAL AIRPORT, Pakistan on September 5, 1986.\***

**No. MDL–724 (JES).\***

United States District Court,
S.D. New York.

Oct. 18, 1988.

\* Together with: Faradoon OSHTORY, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRLINES, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 2990 (JES)); Arun ATHVALE, Plaintiff, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 2994 (JES)); Prabu MANGHANI, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 2995 (JES)); Mahjula S. PATEL, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 2996 (JES)); Thakorbhai PATEL, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 2997 (JES)); Brigadier P.L. HANDA, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 2998 (JES)); Rekha KUMAR, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 2999 (JES)); Siddartha REDDY, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 3000 (JES)); Hemant UDWSHI, Plaintiff, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 3110 (JES)); Ganesh HEDGE, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 3681 (JES)); Kyshore MURPHY, Plaintiff, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 3682 (JES)); A. RAJASIMHA, Plaintiff, v. PAN AMERICAN WORLD AIRWAYS, INC. and Pan American World Services, Inc., Defendants. (87 Civ. 3683 (JES)); Joseph DAWSON, et al., Plaintiffs, v. PAN AMERICAN WORLD AIR-

Butler, Butler & Osborne, Los Angeles, Cal. (James G. Butler, of counsel), pro se.

Morgan, Wenzel & McNicholas, Los Angeles, Cal. (Wm. Marshall Morgan, of counsel), pro se.

WAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 3684 (JES)); Amtulla Liva EBRAHIM, Plaintiff, v. PAN AMERICAN WORLD AIRWAYS, INC. and Pan American World Services, Inc., Defendants. (87 Civ. 3688 (JES)); Orlando CAMPOS, Plaintiff, v. PAN AMERICAN WORLD AIRWAYS, INC. and Pan American World Services, Inc., Defendants. (87 Civ. 3689 (JES)); Shyam Prasad ALTURI, Plaintiff, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 3691 (JES)); Shekhar MITRA, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 5145 (JES)); Nanubhai VYAS, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 9009 (JES)); Ali Hashim RIZVA, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 9010 (JES)); Hardayal MEHTA, Plaintiff, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 9011 (JES)); Krishnaveni THANIKAIMONI, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 9012 (JES)); Malik NETRAKANTI, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (87 Civ. 9014 (JES)); Surinder Sihgh AHLUWALIA, et al., Plaintiffs, v. PAN AMERICAN WORLD AIRWAYS, INC., and Pan American World Services, Inc., Defendants. (88 Civ. 6570 (JES)).

Dan & Henke, Los Angeles, Cal. (Michael A.K. Dan, of counsel), pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

The above-captioned actions are before the Court as part of a multidistrict litigation involving the hijacking of a Pan American World Airlines aircraft at Karachi International Airport in Pakistan. Presently before the Court is a motion by Butler, Dan, Allis & Reback ("BDAR")[1] to strike Notices of Lien and Requests for Notice of Settlement and/or Judgment ("Notices of Lien") filed in these actions by Michael A.K. Dan.[2] For the reasons that follow, BDAR's motion is granted.

## BACKGROUND

The facts necessary to a resolution of this motion are basically undisputed. This dispute arises out of the departure of Dan from BDAR, a California law corporation. Dan had been a minority shareholder in BDAR,[3] and he resigned on February 12, 1988. Subsequently, BDAR commenced suit against Dan and others in California state court, alleging that they had stolen BDAR cases and fraudulently executed substitutions of attorney.[4] All issues relating to that lawsuit and a counterclaim asserted by defendants in that action will be addressed in the California court.[5]

In April, 1988, Dan filed Notices of Lien in the above-captioned actions, pending in this Court. Due to the Notices of Lien, attorneys for the defendants refused to tender drafts in payment on settlements which had been agreed to unless the Notices of Lien were removed. Pending the resolution of this motion, BDAR and Dan agreed to allow payment to be made in settlement to the clients with the attorneys' fee portion of the proceeds paid into an escrow account.

## DISCUSSION

■ BDAR has moved to strike the Notices under Fed.R.Civ.P. 12(f), which provides that "the Court may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Notices of Lien, however, are not pleadings, and therefore the Court cannot strike the Notices pursuant to Fed.R.Civ.P. 12(f).

Nor may the Court strike these Notices under Fed.R.Civ.P. 11. Plaintiff argues that the Notices may be stricken as sham under Rule 11, but the provision for strik-

1. Butler, Dan, Allis & Reback is now named Butler, Butler & Osborne. For the purposes of this motion, both will be referred to as BDAR.

2. The Notices of Lien at issue were originally filed in the names of Michael A.K. Dan and Raymond L. Henke. Henke has removed his Notices and therefore the Court addresses only whether Dan may properly file Notices of Lien in these actions.

3. Dan's percentage of ownership of BDAR, which is disputed, is not relevant to the resolution of this motion.

4. Dan argues that Morgan, Wenzel & McNicholas ("MWM"), a California law corporation, has a conflict of interest because MWM has been associated with BDAR in the Karachi cases and is also attorney of record in BDAR's suit against Dan in California. The basis for the alleged conflict is not entirely clear, but Dan appears to argue that as a former shareholder of BDAR he is entitled to a percentage of BDAR assets and that BDAR is dissipating those assets by associating with MWM in the Karachi cases and re-

taining them in the suit against Dan. That reasoning, however, if carried to its logical conclusion, would bar any attorney from representing BDAR in a suit against DAN. In any event, the Court does not find the interest of DAN as a former minority shareholder in BDAR sufficient to bar MWM from representing BDAR in a suit against DAN.

5. In their papers, both BDAR and Dan raise issues which are properly before the California court and which this Court therefore will not address. This Court addresses only the narrow issue of whether Dan's Notices of Lien may be validly filed in actions pending before this Court. Thus, issues such as the division of fees between BDAR and Dan, whether cases of BDAR were stolen, and whether Dan should have sought an attachment in California are not relevant to this motion and can only be properly addressed in the California court. In addition, Dan argues that BDAR has filed notices of lien in cases he is prosecuting before this Court and in California. Those issues are not properly before the Court because no motion has been made directed to those notices of lien.

ing pleadings or motions as sham or false has been deleted from the revised Rule 11. *See* Notes of Advisory Committee on Rules, 1983 Amendments.

■■■ A federal court may, however, exercise ancillary jurisdiction to hear fee disputes and lien claims between litigants and their attorneys where the dispute relates to the main action. *See Petition of Rosenman Colin Freund Lewis & Cohen*, 600 F.Supp. 527, 531 (S.D.N.Y.1984); *Marrero v. Christiano*, 575 F.Supp. 837, 839 (S.D.N. Y.1983). Here, however, the dispute does not involve the clients directly, and the Court would not ordinarily exercise ancillary jurisdiction to settle a fee dispute between BDAR and Dan, even assuming arguendo that the Court had such jurisdiction.

Nevertheless, BDAR's motion does not call upon the Court to resolve any of its disputes with Dan other than the validity of the Notices of Lien filed in actions pending before this Court, which have affected the consummation of settlements in these cases. Although BDAR and Dan have agreed to place funds representing the attorneys' fee portion of these settlements in an escrow account pending resolution of this motion, that agreement would not have been entered into except for Dan's filing of these Notices of Lien. Moreover, if notices of lien are filed in other cases involved in this multidistrict litigation, similar issues related to the effect of such notices of lien on settlements are likely to arise. It is therefore appropriate for the Court to exercise jurisdiction over this motion. This is especially true since under California law, which both sides concede is applicable to the validity of these Notices of Lien, it is clear that California courts have recognized that notices of lien may be stricken in appropriate situations. *See Trimble v. Steinfeldt*, 178 Cal.App.3d 646, 652, 224 Cal. Rptr. 195, 198 (Cal.Ct.App.1986).

Under California law, a client may by agreement grant his attorney the right to assert a lien for the attorney's fee on the proceeds of a judgment or settlement. *See Del Conte Masonry Co. v. Lewis*, 16 Cal. App.3d 678, 680, 94 Cal.Rptr. 439, 440 (Cal.

Ct.App.1971). This lien may not be asserted by intervening in the client's action, but rather must be enforced by a separate action against the client. *See Bandy v. Mt. Diablo Unified School Dist.*, 56 Cal.App.3d 230, 234, 126 Cal.Rptr. 890, 893 (Cal.Ct. App.1976). However, when an attorney is discharged, the attorney may file a notice of lien in a former client's action. *See Hansen v. Haywood*, 186 Cal.App.3d 350, 358, 230 Cal.Rptr. 580, 585 (Cal.Ct.App. 1986).

This right, however, applies only to the attorney, not his employees or others who may have an interest in the monies to which the lien relates. Thus, in *Trimble v. Steinfeldt, supra*, an attorney had a retainer agreement with a client which provided for a lien on the proceeds of any recovery. *See* 178 Cal.App.3d at 651, 224 Cal.Rptr. at 197. A former employee of the attorney named in the retainer agreement filed a notice of lien in the client's action. *See id.* at 649, 224 Cal.Rptr. at 196. The court held that because the former employee never had an agreement for a lien with the client, he could not properly file a notice of lien and could only seek redress against his former employer. *See id.*, at 651–52, 224 Cal.Rptr. at 197–98.

■■■ Here, the retainer agreements involved in these actions concededly are between BDAR and the respective clients. The clients contractually agreed to allow BDAR, not its individual shareholders, to assert a lien on the proceeds of any judgment or settlement. Even though Dan may have signed the retainer agreements on behalf of BDAR, Dan does not have a retainer agreement with these clients pursuant to which they agreed to give him a lien on their settlements.

Dan argues that as a resigning shareholder of the BDAR law corporation, the retainer agreements inure to his benefit and therefore he can file Notices of Lien to the same extent that BDAR could. The Court cannot not accept that argument. Although Dan is correct in stating that as a resigning member of a law corporation he may be entitled to a share of the proceeds of cases that BDAR had in progress at the

time of his departure, *see Fox v. Abrams*, 163 Cal.App.3d 610, 617, 210 Cal.Rptr. 260, 266 (Cal.Ct.App.1985), that circumstance does not, under California law, entitle him to file Notices of Lien in actions where he is not the attorney with whom the client made the retainer agreement. It follows that BDAR's motion to strike the Notices of Lien must be granted.

■ Both Dan and BDAR have moved for sanctions pursuant to Fed.R.Civ.P. 11. Although the Court does not accept Dan's argument that he is entitled to assert BDAR's lien as a resigning shareholder, the Court does not find that his argument so lacks a good faith basis in existing law or a colorable argument for the extension or modification of existing law as to justify the imposition of Rule 11 sanctions.

Therefore, for the reasons stated *supra,* the motion to strike the Notices of Lien and Requests for Notice of Settlement and/or Judgment is granted, and the cross-motions for sanctions pursuant to Fed.R.Civ.P. 11 are denied.

It is SO ORDERED.